Boyd v. King.

## BOYD v. KING.

1. The attachment act does not appoint the mode of the sheriff's return of the writ, and consequently his certificate that he has duly served the process, accompanied by an inventory and appraisement, constitutes, standing alone and unexplained, a valid service.

2. An attachment is proper whenever the claim is founded in contract and special bail, as of course, could be required at common law.

3. *Query*—Can the interest of a vendee in lands under an agreement to purchase be attached?

4. The sheriff's return in this case construed.

The motion was to quash the writ of attachment.

The following was the return of the sheriff to an attachment against the defendant as a non-resident debtor : " By virtue of the annexed writ, I have this 23d March, 1871, attached Benj'n W. King, his rights and credits, moneys and effects, goods and chattels, lands and tenements, and the following is a just and true inventory and description of the same, to wit, the right, title and interest of Benj'n W. King in all lands, &c. * * * Being the premises which Ruckman agreed to convey to Benjamin W. King by certain articles of agreement, bearing date the 12th day of May, 1868, and the rights and interests of the said Benj'n W. King in and to the above described property, &c. * * *

" Valued at $100.

(Signed,)        " J. L. VAN BLARCOM, *Sheriff.*

" A. D. CAMPBELL, *Appraiser.*"

Argued at November Term, 1872, before BEASLEY, Chief Justice, and Justices BEDLE, DALRIMPLE and SCUDDER.

For the motion, *Wm. L. Dayton.*

The plaintiff, *pro se.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE. The first ground assigned for quashing these proceedings is, that the return of the sheriff is insufficient.

That the officer does not show in his return a compliance with the directions of the statute with respect to the mode of executing the writ, is the subject of this exception. It certainly cannot be denied that this return does not manifest, in terms, that the writ has been executed in conformity with the

provisions of the act. The certificate of the officer to the court is a naked statement that by virtue of the attachment he has attached the property of the defendant, and to this is annexed an inventory and appraisement, signed by himself and an appraiser. The manner of making the attachment does not therefore appear, and the facts exhibited in the return, are consistent with neglects on the part of the officer of several acts, which by the statute are made essential to the creation of a lien upon the property of the defendant. But the presumption of law is in favor of the regularity of the procedure, and herein lies the infirmity of this first exception taken by the counsel of the defendant. To render the return of the attachment fatally defective, when there has been in substance an execution of the process, ,it must be made to appear affirmatively that an essential act has been omitted to be done. When there is no clear exhibition of such omission it cannot be inferred. The act particularly directs how the writ is to be levied, but it does not require any special mode of return, and the consequence is that it has been repeatedly held in this court that the sheriff's certificate, couched in general terms that he has duly served the writ, accompanied by an inventory and appraisement, is, standing alone and uncontradicted, a valid service. This was the rule adopted and very plainly expressed in the case of *Thompson* v. *Eastburn*, 1 *Harr.* 100. The sheriff in that instance did not show that in making his levy upon the property he had taken all the several steps required by the statute, but the proceeding was sustained, and the court said : " If the sheriff should return as follows : ' I have served (or executed) the within writ, in the manner directed by law, this          day of           , &c.,' and sign his name thereto, and annex an inventory and appraisement of the property attached, signed by himself and a freeholder, it would be sufficient." The same rule was sanctioned, and the same course of practice followed in *Morrell* v. *Buckley, Spencer* 669, and in *Castner* v. *Styer*, 3 *Zab.* 247. The principle is, that when the return shows in substance a legal service of the writ, there is a legal intend-

ment in favor of the legality of the proceedings of the sheriff in all other particulars. The application of this principle explodes the first of the exceptions taken in this case. To avoid misconstruction, it is proper to remark that the case of *Tomlinson* v. *Stiles*, reported in 4 *Dutcher* 202, and in 5 *Dutcher* 426, has no application to the point here decided, because in that case it appeared affirmatively by the return of the sheriff, that he had not executed his writ on the particular land which he sold. In this decision, the principle above adopted is admitted to be correct.

The second objection urged against the proceedings is, that the interest or estate of the defendant in the lands levied on is not of an attachable nature. This point in the briefs of counsel is argued upon the assumption that this interest of the defendant in the premises in question has been shown to the court by the return of the sheriff. But this is a mistake. The writ, it is stated, is levied on certain lands; and it is further said that such lands are those embraced in a certain article of agreement, whereby one Ruckman covenanted to convey them to the defendant. But it is not, nor could it properly be alleged in this return, that all the estate which the defendant has in this property arises by force of this article of agreement. Nor if such statement were before the court could any judicial action be founded on the ministerial officer's construction of this instrument. That which the sheriff might consider an agreement to convey, might be regarded as an actual conveyance. But the return does not purport to be a levy only on such interest as the defendant has through the operation of this contract, but such contract is referred to only as a means of describing the property attached. For aught that appears, the defendant may have a regular deed of conveyance for these premises, and may be the owner in fee. If the naked case had been presented of the levy of an attachment on the interest of a vendee in real estate, by virtue of an agreement to convey on the payment of the purchase money, I should have had little doubt that such writ ought to be quashed. Such a right is a mere equity,

and could not be handled at law. But the facts before the court do not present this question, and it is therefore not necessary to decide it. This second objection cannot prevail.

The last exception to the proceedings is, that the claim of the plaintiff was not of such a nature as to be enforceable by process of this kind.

The claim of the plaintiff is for work and labor, and it was suggested that as the amount due was not a sum fixed by positive agreement, an attachment would not lie to enforce it, on the ground that the judgment must be for unliquidated damages. But this matter has been long since settled. The test as to what claims will support an attachment was applied and adopted in the case of *Jeffery* v. *Wooley*, 5 *Halst.* 123, and that test was, that such process was proper whenever the cause of action was founded on a contract, and was of such a nature as to enable the plaintiff, as of course, to require special bail.

It therefore follows, necessarily, that the plaintiff's case is not faulty in this last particular.

The motion to quash should be overruled.

CITED in *Dodge* v. *Butler*, 13 *Vr.* 370.